OPINION
{¶ 1} Appellant, Louanna C, appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, modifying its earlier disposition regarding B.L., appellant's daughter, by granting B.L.'s biological father, Chad L., legal custody. We reverse and *Page 2 
remand the juvenile court's decision.
 {¶ 2} On October 15, 2007, appellant filed a complaint alleging that her daughter, B.L., was an unruly child. The juvenile court held a hearing on January 4, 2008, at which time it found B.L. to be unruly, sentenced her to supervised probation, and maintained legal custody of her with appellant.
 {¶ 3} On April 14, 2008, Chad L. ("Father") filed a letter with the juvenile court proclaiming his willingness to become B.L.'s legal custodian, and requesting such a change in custody be made. On April 18, Tammy Stoops, B.L.'s probation officer, filed a report with the juvenile court recommending a modification of its disposition by changing B.L.'s custody from appellant to Father. Neither Father's letter, nor Stoops' report, were provided to appellant. That same day, the juvenile court, apparently without holding a hearing or providing any notice to either party, determined that it was in B.L.'s best interest to modify its earlier disposition and grant legal custody to Father.
 {¶ 4} On April 21, appellant, acting pro se, filed a "Stay of Proceedings" after she learned of the juvenile court's decision to grant legal custody of B.L. to Father. The juvenile court denied the motion. On May 1, the juvenile court, after receiving a "verbal report from the Probation Department that [appellant] objects to change in custody", scheduled a hearing for June 23. On May 16, appellant appealed the juvenile court's April 18 decision to modify its disposition by granting legal custody of B.L. to Father. Thereafter, the June 23 hearing was held and both parties appeared with counsel. In its written opinion filed July 1, the juvenile court again determined that it was in B.L.'s best interest to modify its disposition and grant legal custody to Father.
 {¶ 5} In her May 16 appeal, appellant raised one assignment of error:
 {¶ 6} "THE COURT ABUSED ITS DISCRETION BY ORDERING A CHANGE OF CUSTODY UPON THE FILING OF A PROBATION DEPARTMENT REPORT, WITHOUT A *Page 3 
MOTION BY A PARTY IN INTEREST REQUESTING MODIFICATION, AND WITHOUT PROVIDING EITHER NOTICE OR THE OPPORTUNITY FOR HEARING TO THE APPELLANT."
 {¶ 7} In her sole assignment of error, appellant argues that she was denied her procedural due process rights guaranteed under theFourteenth Amendment because the juvenile court modified its disposition and granted Father legal custody without providing her with proper notice and an opportunity to be heard. We agree.
 {¶ 8} The right to procedural due process is required by theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. State ex rel. Plain DealerPublishing Co. v. Floyd, 111 Ohio St.3d 56, 2006-Ohio-4437, ¶ 45. Procedural due process requires the government to give reasonable notice and a meaningful opportunity to be heard to those whose interests in life, liberty, or property are adversely affected by a governmental action. Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 85;Crist v. Battle Run Fire Dist. (1996), 115 Ohio App.3d 191, 197. The opportunity to be heard must occur at a meaningful time and in a meaningful manner. Floyd at ¶ 45.
 {¶ 9} Pursuant to R.C. 2151.354(A)(1), "if the child is adjudicated an unruly child, the court may * * * [m]ake any of the dispositions authorized under section 2151.353 of the Revised Code." Under R.C. 2151.353(A)(3), the juvenile court may "[a]ward legal custody of the child to either parent * * *." The court retains jurisdiction "over any child for whom the court issues an order of disposition pursuant to division (A) of this section." R.C. 2151.353(E)(1). Further, under R.C. 2151.353(E)(2), any party "by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) * * *." Once a request has been made, the court "shall hold a hearing upon the motion * * * and shall give all parties to the action * * * notice of the hearing pursuant to the Juvenile Rules." R.C. 2151.353(E)(2). *Page 4 
 {¶ 10} In this case, appellant did not receive any notice and was not given an opportunity to be heard prior to the juvenile court's decision to modify its disposition by changing legal custody of B.L. from appellant to Father. As a result, because the juvenile court failed to provide appellant notice, or to follow the required procedure necessary to modify its disposition in accordance with R.C. 2151.353(E)(2), appellant's procedural due process rights were violated. Therefore, the juvenile court's April 18 decision modifying its disposition by granting Father legal custody of B.L. is reversed.
 {¶ 11} The state, in its attempt to rebut appellant's claim, argues that her appeal is moot because the juvenile court held a hearing on June 23, 2008, for which appellant received notice and appeared with counsel. This argument lacks merit.
 {¶ 12} An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. After a case has been appealed, the trial court loses jurisdiction "except to take action in aid of the appeal." In reS.J., 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, citing State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97. In turn, during the pendency of an appeal, the trial court retains jurisdiction over only those issues "not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." Id. Because the "adjudication of a child during the pendency of an appeal interferes and is inconsistent with the jurisdiction of the appellate court," a juvenile court lacks jurisdiction to proceed with an adjudication of a child after a notice of appeal has been filed from an order of that court, and any such adjudication is void. Id. at ¶ 9, 14.
 {¶ 13} On April 18, 2008, the juvenile court modified its disposition and granted Father legal custody of B.L. without providing appellant with proper notice or an opportunity to be heard. After realizing its mistake, the juvenile court attempted to rectify its error by holding a hearing on June 23. However, prior to the June 23 hearing, appellant filed a notice of appeal. Based on the principles found in In reS.J., we find that the juvenile court did not *Page 5 
retain jurisdiction to hold the June 23 hearing or to modify its disposition by granting Father legal custody of B.L. Therefore, the juvenile court's July 1st order modifying its disposition and granting legal custody of B.L. to Father is void.
 {¶ 14} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 15} In light of the foregoing, we find that the juvenile court erred in modifying its disposition without providing appellant notice or an opportunity to be heard, and that it lost jurisdiction once appellant filed her notice of appeal, thus making its subsequent decision void. As a result, the judgment of the juvenile court is reversed, and the cause is remanded to the juvenile court to provide appellant with proper notice and conduct a hearing in accordance with the requirements outlined herein.
 {¶ 16} Judgment reversed and remanded.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1