The STATE of Ohio, Appellee,

v.

WILLIS, Appellant.

[Cite as *State v. Willis*, 192 Ohio App.3d 579, 2011-Ohio-797.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–10–003.

Decided Feb. 18, 2011.

Russell V. Leffler, Huron County Prosecuting Attorney, and Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

Chad D. Huber, for appellant.

SINGER, Judge.

{¶ 1} Appellant appeals his conviction for forgery and possession of criminal tools entered on a jury verdict in the Huron County Court of Common Pleas. For the reasons that follow, we affirm.

{¶ 2} On April 19, 2008, a man in a silver-colored SUV came to the drive-through window at the McDonald's restaurant in Norwalk, Ohio, ordering food that cost less than ten dollars. The man handed the window clerk a $100 bill. In accordance with store policy, the window clerk checked the bill with a marker intended to detect counterfeit money. The result was an indication that the bill was suspect.

{¶ 3} The window clerk summoned a store manager, who applied a different detection marker with similar results. The clerk requested the customer to drive forward, while another manager called the police. The driver of the SUV pulled forward, waited a few minutes, and then left without obtaining either his food or his change.

{¶ 4} McDonald's personnel obtained the license-plate number of the SUV when it pulled forward. When the car left, they again called police to report that the car was gone and to provide the license number. A short time later, police stopped the vehicle at the entrance to the Ohio Turnpike. Inside was appellant, Brent R. Willis.

{¶ 5} Appellant admitted paying at McDonald's with the suspect $100 bill and produced two similar bills when police inquired whether he had more. Appellant told police that he had obtained the money in a cash sale of a stereo system. Police asked appellant to accompany them to the police station. There he produced seven more $100 bills.

{¶ 6} An officer took the bills to a local bank for examination. While there, the officer noted that some of the bills had duplicate serial numbers. All the bills were deemed suspect by bank officials. Norwalk police eventually contacted the United States Secret Service, an agent of which examined the bills and concluded that all ten were counterfeit.

{¶ 7} On May 23, 2008, appellant was named in an indictment by the Huron County Grand Jury for one count of possession of criminal tools (R.C. 2923.24(A) and (C)) and one count of forgery (R.C. 2913.31(A)(3)), both fifth-degree felonies. Appellant pleaded not guilty, but eventually pleaded guilty to a single count of criminal-tool possession. Prior to sentencing, however, he withdrew his plea, and the matter proceeded to a trial before a jury on the original indictment.

{¶ 8} At the conclusion of the trial, the jury found appellant guilty of forgery, as charged, but found that the amount of the attempted theft was less than $500.

As a result, the jury found appellant guilty of misdemeanor possession of criminal tools, a lesser included offense. The court rejected appellant's motion to set aside the verdict and sentenced him to a six-month term of incarceration on the misdemeanor-possession charge and an eight-month term for forgery. The sentences were ordered to be served concurrently.

{¶ 9} It is from this judgment of conviction that appellant now brings this appeal.

{¶ 10} Appellant sets forth the following three assignments of error:

{¶ 11} "A. The evidence presented at trial was insufficient to support a finding that appellant Willis knowingly and with purpose to defraud or to facilitate a fraud, possessed and/or uttered the alleged counterfeit money.

{¶ 12} "B. The decision of the jury that appellant Willis knowingly and with purpose to defraud or facilitate a fraud, possessed the counterfeit money was contrary to the manifest weight of the evidence.

{¶ 13} "C. The trial court erred by sentencing appellant on both the possession of criminal tools and of forgery where those offenses constitute allied offenses of similar import which were not committed separately or with separate animus."

## I. Weight and Sufficiency of Evidence

{¶ 14} We shall discuss appellant's first two assignments or error together.

{¶ 15} In a criminal context, a verdict or finding may be overturned on appeal if it is against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

{¶ 16} In the latter, the court must determine whether the evidence submitted is legally sufficient to support all the elements of the offense charged. Id. at 386–387. Specifically, we must determine whether the state has presented evidence that if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See also *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132; *State v. Barnes* (1986), 25 Ohio St.3d 203, 25 OBR 266, 495 N.E.2d 922.

{¶ 17} R.C. 2923.24(A), the criminal-tools statute, provides:

{¶ 18} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 19} The offense is ordinarily a misdemeanor unless the circumstances are such that the article or device was intended for use in the commission of a felony, in which case the offense is a fifth-degree felony. R.C. 2923.24(C).

{¶ 20} R.C. 2913.31(A)(3), the forgery statute, forbids a person with the purpose of defrauding or knowing that he or she is facilitating a fraud to "[u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." "To utter, as used in a statute against forgery and counterfeiting, means to offer, whether accepted or not, a forged instrument, with the representation, by words or actions, that the same is genuine." Black's Law Dictionary (6th Ed. 1990) 1547.

{¶ 21} The offense is ordinarily a fifth-degree felony unless the value of the property or services involved or the loss to the victim exceeds $500. R.C. 2913.31(C)(1).

{¶ 22} At trial, a secret-service agent testified that the bill appellant passed, and the other nine bills he possessed, were counterfeit. Appellant did not deny passing the one $100 bill, nor did he dispute that he was in possession of the other nine bills. His defense was that he was unaware that the bills were counterfeit.

{¶ 23} According to appellant, he acquired all of the bills from an individual he knew only by the street name "Alabama." "Alabama" purchased a stereo from him for $1,000, and this was the source of all of the bills, appellant insisted. Appellant had no knowledge that the bills were counterfeit.

{¶ 24} All the elements of both offenses are essentially undisputed. The only issue in play is appellant's intent. A reasonable trier of fact could certainly infer from the fact that appellant possessed these counterfeit bills, and fled on inquiry when he attempted to pass one of them, that he knew the bills were bogus. That being the case, his attempt to pass one of the bills would constitute an intent to defraud the restaurant. Thus, viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of both forgery and possession of criminal tools proven beyond a reasonable doubt. Accordingly, appellant's first assignment of error is not well taken.

{¶ 25} Moreover, we have examined the transcript of the proceedings and viewed the evidence submitted, and we find nothing to suggest that the jury lost its way or that any manifest miscarriage of justice is inherent in the verdict. Accordingly, appellant's second assignment of error is not well taken.

## II. Sentencing

{¶ 26} In his remaining assignment of error, appellant asserts that he should not have been sentenced for both possession of criminal tools and forgery because these are allied offenses of similar import that should merge, pursuant to R.C. 2941.25(A).

{¶ 27} R.C. 2941.25 provides:

{¶ 28} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 29} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 30} A jury may find a defendant guilty of multiple offenses from a single occurrence, assuming that all the elements of both offenses are proven. As a matter of law, however, if the offenses are allied offenses of similar import, the court may sentence the offender only as to one of the offenses. *State v. Botta* (1971), 27 Ohio St.2d 196, 204, 56 O.O.2d 119, 271 N.E.2d 776.

{¶ 31} Appellant insists that the counterfeit bills he possessed are both the criminal tools he was convicted of possessing and the object he attempted to utter. Appellant argues that applying the analysis articulated in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, and *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, the offenses of which he was convicted are allied and of similar import and should be merged for sentencing purposes.

{¶ 32} *Rance* and its progeny were recently overruled by *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *Johnson*, at ¶ 48–49, articulated the analysis for determining whether offenses are allied and of similar import:

{¶ 33} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. [*State v.*] *Blankenship* [ (1988) ], 38 Ohio St.3d [116,] 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic] ). If the offenses

correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 34} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' [*State v.*] *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting)."

{¶ 35} In this matter, comparing the language of the forgery and criminal-tools statutes, both make the possession of a forged document, counterfeit money in this instance, unlawful, if the document is intended to be used criminally. It is, therefore, possible that both crimes may be committed by the same conduct.

{¶ 36} Examining the facts in this case, we note that while the criminal-tools offense prohibits only the possession of a substance, device, or instrument (here the counterfeit money), the forgery statute prohibits not only possession for the purpose of uttering, but separately, the uttering of a forged document. The evidence at trial showed that appellant *uttered* a forged document at the restaurant and he *possessed* nine other forged documents that were not used at the restaurant. Therefore, while it is possible that the same act could violate both the forgery and criminal-tool statutes, the evidence in this case shows that the charge under each statute is independent. Consequently, on the facts of this case, the forgery and criminal-tool offenses were not allied offenses of similar import. Accordingly, appellant's third assignment of error is found not well taken.

{¶ 37} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.