# CITY OF CLEVELAND,

## v.

# WATTS.

Cleveland Municipal Court,
Cuyahoga County, Ohio.

No. 2010 CRB 35500.

Decided Feb. 24, 2011.

Lorraine Coyne, Assistant Prosecuting Attorney, for plaintiff.

Clark D. Rice, for defendant.

GROVES, Judge.

{¶ 1} Defendant, Andrew Watts, is the manager of the Velvet Dog. The Velvet Dog is a restaurant and night club in the Warehouse District. It has a rooftop deck where music is played in the summer and fall seasons. The Warehouse District is a mixed zoning area for both businesses and residential housing. On September 5, 2010, at approximately 1:30 a.m., defendant was cited for violation of Cleveland Codified Ordinance ("CCO") 683.01(a), Playing of Sound Devices Prohibited, which reads:

(a) No person shall play any radio, music player, television, audio system or musical instrument in such a manner or at such volume as to annoy or disturb the quiet, comfort or repose of neighboring inhabitants or at a volume which is plainly audible to persons other than those who are in the room in which such device or instrument is played and who are voluntary listeners hereto.

{¶ 2} Two weeks prior to the issuance of the citation, Cleveland Police Commander Calvin Williams talked to defendant about the music level at the Velvet Dog. Before, Commander Williams had not issued any citations for noise violations to the Velvet Dog. The police commander advised defendant that the music was too loud. The commander and defendant went to the music booth. They had the disc jockey turn the volume to 50 percent. Both the commander and defendant agreed that the 50 percent level was an acceptable volume. On September 5, 2010, the commander could hear the music emanating from the Velvet Dog on the entire street. Consequently, defendant was issued a noise-violation citation. On October 5, 2010, defendant filed a motion to dismiss the complaint against him. Defendant argues that (1) CCO 683.01(a) is unconstitutional as it is void for vagueness, (2) the music at a dance club in an entertainment district is constitutionally protected free speech, and (3) inconsistent application of the ordinance against defendant was unfairly prejudicial.

{¶ 3} First, defendant alleges that CCO 683.01(a) is unconstitutional for being vague. CCO 683.01 sets forth two prohibited levels when playing sound devises. First, a person is prohibited from playing music at a level that annoys or disturbs the quiet, comfort, or repose of neighboring habitants. The second prohibited level is playing music that is plainly audible to persons other than

those who are in the room where the device or instrument is played and who are voluntary listeners thereto. Defendant has challenged the constitutionality of only the first prong, which prohibits playing music at a level that disturbs others. Defendant has not challenged the second prong. The constitutionality of a statute may be decided only when the issue is raised by either party or the record establishes a legal basis for summarily declaring the statute unconstitutional by the trial court.[1] Because defendant failed to challenge the prohibition against playing music at a level that can be heard outside the room it is being played, this court will not review that prohibition. Hereinafter, reference to CCO 683.01(a) shall be to the first part of the ordinance only.

{¶ 4} Constitutional questions should not be decided until the necessity for a decision arises on the record before the court.[2] Defendant has challenged the constitutionality of CCO 683.01(a) for being void for vagueness. It is a settled rule that the presumption is in favor of the validity of the law, in determining whether an act of the legislature is or is not in conflict with the United States or state constitutions.[3] Given this presumption, it is difficult to declare a statute unconstitutional.[4] Before a court may declare an enactment of the legislative branch unconstitutional, it must appear beyond a reasonable doubt that the legislation and unconstitutional provisions are clearly incompatible.[5]

{¶ 5} A void-for-vagueness challenge is premised on the Fourteenth Amendment to the United States Constitution due process requirement that a law must specify the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.[6]

---

1. *Cleveland v. Scott* (1983), 8 Ohio App.3d 358, 359, 8 OBR 470, 457 N.E.2d 351.

2. *State ex rel. Jackman v. Court of Common Pleas of Cuyahoga Cty.* (1967), 9 Ohio St.2d 159, 161, 38 O.O.2d 404, 224 N.E.2d 906, citing *State ex rel. Poe v. Jones* (1894), 51 Ohio St. 492, 503, 37 N.E. 945.

3. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25, citing *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 418–419, 633 N.E.2d 504.

4. Id., citing *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

5. *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903, citing *Hoffman Estates v. Flipside* (1982), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362; *Smith v. Goguen* (1974), 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605; *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222; *Papachristou v. City* (1972) 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110, quoting *United States v. Harriss* (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989.

6. *Papachristou v. Jacksonville* (1972) 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110, quoting *United States v. Harriss*, 347 U.S. at 617, 74 S.Ct. 808, 98 L.Ed. 989.

{¶ 6} The ordinance in question prohibits music levels that annoy or disturb the quiet, comfort, or repose of neighboring inhabitants. The United States Court of Appeals for the Sixth District reviewed the constitutionality of CCO 683.01(a) in *Gaughan v. Cleveland*,[7] and CCO 683.01(a) was upheld as constitutional.[8] Federal court decisions are not binding upon a state court, but they are instructive [9] and persuasive [10] and can be an aid.[11] Additionally, decisions from the Federal Court of Appeals are entitled to due consideration and respect.[12] In short, *Gaughan* cannot be disregarded and must be considered seriously.

{¶ 7} In *Gaughan*, the court adopted the standard of review for interpreting a state statute that was set forth in *Grayned v. Rockford*.[13] The standard requires the federal court to "look to the words of the ordinance itself[.] * * * [T]he interpretations [the state] court has given to analogous statutes, and perhaps to some degree * * * the interpretation of the statute given by those charged with enforcing it."[14] Because CCO 683.01(a) has not been interpreted by a state court, the federal court had to look at a similar statute that had been interpreted. In *State v. Dorso*,[15] the Ohio Supreme Court reviewed a noise ordinance that prohibited the playing of sound that "disturb[s] the peace and quiet of the neighborhood." Given the similarities of the noise ordinances, *Gaughan* relied upon *Dorso*'s interpretation of the Cincinnati noise ordinance for its interpretation of CCO 683.01(a). *Dorso* upheld Cincinnati's noise ordinance by applying a "reasonable person" standard to save it from being vague.[16] In upholding CCO 683.01(a), *Gaughan* adopted the "reasonable person" standard applied in *Dorso*.[17] *Gaughan* concluded, "**the imposition of a reasonable person standard to**

---

7.  *Gaughan v. Cleveland* (2007), 212 Fed.Appx. 405.

8.  Id.

9.  *Bellamy v. Montgomery*, 188 Ohio App.3d 76, 2010-Ohio-2724, 934 N.E.2d 403.

10.  *State v. Nguyen*, 157 Ohio App.3d 482, 2004-Ohio-2879, 811 N.E.2d 1180.

11.  *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444.

12.  *Hogan v. Hogan* (1972), 29 Ohio App.2d 69, 58 O.O.2d 80, 278 N.E.2d 367.

13.  *Gaughan* at 409, 410; Citing *Grayned*, 408 U.S. at 110, 92 S.Ct. 2294.

14.  Id.

15.  *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449.

16.  *Gaughan*, 212 Fed.Appx. at 410, citing *Dorso* at 60–61, 4 O.B.R. 150, 446 N.E.2d 449.

17.  Id.

[Cleveland Codified Ordinance] § 683.01(a) creates an objective standard against which the ordinance can be enforced. Accordingly, [CCO] § 683.01(a) provides fair notice of the prohibited conduct and is not impermissibly vague on its face"[18] (Boldface added.) Application of the "reasonable person" standard by many courts has been the basis for upholding many noise statutes.[19]

{¶ 8} Given *Gaughan's* reliance upon *Dorso* this court must adopt *Gaughan's* conclusion. Clearly, because the Ohio Supreme Court upheld the language in *Dorso*, it certainly would uphold the language in CCO 683.01(a). Undoubtedly, application of a "reasonable person" standard is not precise. The fact that the police commander physically adjusted the sound device to the acceptable level gives some hint of the difficulty in enforcing an ordinance that applies a "reasonable person" standard. However, it has been held that an ordinance cannot be struck down for vagueness merely because it could have been worded more precisely.[20] Certainly, a noise ordinance that specifies time restrictions or that recognizes different levels of noise during the day and late evening hours would be helpful. Noise restrictions with decibel levels as heard from a certain distance would be better still. Such regulations would take the guesswork out of what noise levels annoy or disturb the quiet, comfort, and repose of neighboring inhabitants. However, it has been recognized that the Constitution does not mandate burdensome specificity.[21] Although some specificity may be considered burdensome, it definitely could provide guidelines in enforcement. Absent the guidelines, the court must rely upon the facts in each complaint to determine whether a violation has occurred.

{¶ 9} In the current case, the police commander testified that he could hear the music on the entire street. Music that emanates down the street raises the issue of whether a reasonable person's quiet, comfort, or repose would be annoyed or disturbed at 1:00 a.m. Application of the "reasonable person" under these facts is not difficult, and an ordinary person can understand that noise at

---

18. *Gaughan* at 412, 413.

19. *Ohio v. Cornwell*, 149 Ohio App.3d 212, 2002-Ohio-5178, 776 N.E.2d 572, ¶ 15, citing *Kovacs v. Cooper* (1949), 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513; *Kelleys Island v. Joyce*, 146 Ohio App.3d 92, 765 N.E.2d 387; *Edison v. Jenkins* (June 7, 2000), 5th Dist. No. CA893, 2000 WL 873692; *State v. Boggs* (June 25, 1999), 1st Dist. No. C–980640, 1999 WL 420108; *State v. Linares* (1995), 232 Conn. 345, 655 A.2d 737; *Price v. State* (Ind.1993), 622 N.E.2d 954; *Beaufort v. Baker* (1993), 315 S.C. 146, 432 S.E.2d 470; *Madison v. Baumann* (1991), 162 Wis.2d 660, 470 N.W.2d 296.

20. *Dorso*, 4 Ohio St.3d at 61, 4 OBR 150, 446 N.E.2d 449.

21. Id. at 62.

the level testified to by the commander is conduct that is prohibited. Additionally, enforcement at this level is not arbitrary or discriminatory. For the foregoing reasons, the allegation that the ordinance is void for vagueness is rejected.

{¶ 10} Next, defendant argues that the music at a dance club in an entertainment district is constitutionally protected free speech. Music, as a form of expression and communication, is protected under the First Amendment to the Constitution.[22] However, the government may impose reasonable restrictions, provided the restrictions are justified without reference to the content of the regulated speech.[23] An ordinance's prohibition against loud noise is primarily an attempt to control conduct, rather than an attempt to control speech.[24] Given the location of the Velvet Dog in a mixed zone, including residential housing, the city of Cleveland is within its authority to regulate noise levels. Thereby, this court finds that the city is not attempting to infringe upon constitutionally protected free speech. Defendant's second argument is rejected.

{¶ 11} Finally, defendant argues that the complaint should be dismissed because the enforcement has been uneven. In essence, defendant claims that the city has waived enforcement of the ordinance, and therefore it is unfair to enforce it now. This argument has no merit. The city has the right to exercise its discretion in the enforcement of an ordinance. The mere fact that the city chose to ignore prior violations of the noise ordinance does not mean that the city is forever prohibited from enforcing compliance. The police commander testified that he gave defendant notice that high noise levels would not be tolerated in the future. Defendant was duly advised that the ordinance would be enforced in the future. It is defendant's duty to comply with the law, even if the city did not strictly enforce the law in the past.[25] Defendant's third argument is also rejected.

{¶ 12} Defendant's motion to dismiss is therefore denied.

So ordered.

---

22. *Ward v. Rock against Racism* (1989), 491 U.S. 781, 790, 109 S.Ct. 2746, 105 L.Ed.2d 661.

23. Id. at 791, citing *Clark v. Community for Creative Non–Violence* (1984), 468 U.S. 288, 293, 104 S.Ct. 3065, 82 L.Ed.2d 221.

24. *Dorso* at 64, 4 OBR 150, 446 N.E.2d 449.

25. *FRC of Kamms Corner, Inc. v. Cleveland Bd. of Zoning Appeals* (1984) 14 Ohio App.3d 372, 375, 14 OBR 477, 471 N.E.2d 845.