[Cite as *In re K.A.G*, 2013-Ohio-780.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| K.A.G.-M. a.k.a. K.N.L. | : | CASE NO.  CA2012-10-101 |
| | : | O P I N I O N<br>3/4/2013 |
| | : | |
| | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 07-C00733


Christo Lassiter, 839 Dunore Road, Cincinnati, Ohio 45220-1416, appellant, pro se

Devon L. Dullaghan, 200 Woodland Road, Mason, Ohio 45040, appellee, pro se


**PIPER, J.**

{¶ 1}   Appellant, Christo Lassiter (Father), appeals pro se a decision of the Warren County Court of Common Pleas, Juvenile Division, sua sponte vacating its prior order regarding quarterly psychiatric reporting to the court by appellee, Devon Dullaghan (Mother), who is also proceeding pro se.

{¶ 2}   Mother and Father have been before this court on multiple occasions regarding the care and custody of their minor daughter.  Although the procedural history of this case is extensive, this court will confine itself to the basic facts relevant to this appeal.

{¶ 3} Mother and Father were never married, but had a relationship that resulted in the birth of a child. When Mother was six months pregnant with the child, she and Father separated. Mother told Father that she miscarried the child and Father believed such to be true until he later received an anonymous call that the child was born and did not die as Mother stated. Father later moved for custody of the child in juvenile court. Father was awarded custody of the child, and Mother was granted unsupervised visitation rights.

{¶ 4} On April 6, 2010, Father filed an emergency motion to suspend the parenting time of Mother with the child. The juvenile court held an emergency hearing on Father's motion the next day, with Mother and Father present and testifying. The juvenile court denied Father's emergency relief, but rather ordered that Mother undergo a psychological evaluation based on evidence deduced at the hearing that Mother had threatened to kill her current husband, her husband's child, and herself.

{¶ 5} Mother's psychological report was conducted by a court-appointed psychologist. The psychologist indicated that Mother has a long history of suicidal ideation. The psychologist could not rule out the possibility that Mother would harm her daughter due to Mother's history of depression and having suffered abuse as a child. The psychologist recommended that Mother have supervised visits with her daughter, and seek long-term counseling with medication.

{¶ 6} After receiving the psychologist's report, as well as reports from Warren County Children Services regarding unannounced wellness checks performed while the child was visiting with Mother, the juvenile court denied Father's motion to suspend Mother's parenting time. In its October 2010 entry, the juvenile court also declined to order supervised visitation. Instead, the juvenile court noted, "it is appropriate that Mother's parenting time with [the child] be contingent upon Mother engaging in certain remedial measures to address her mental health issues." The court then listed five orders and stated that "Mother's right to continue

exercising the parenting time with [the child] previously ordered herein is contingent upon her compliance with the following orders." One order was that "Mother shall execute such release as may be necessary so that all psychologists/psychiatrists, counselors and therapists may report to the Court no less frequently than quarterly concerning Mother's progress, mental health status and risk factors to herself and others."

{¶ 7} Without a hearing, and by way of an entry dated September 27, 2012, the court sua sponte vacated its order from October 2010 regarding the need for quarterly updates on Mother's mental health status. In so doing, the court stated, "the Court finds that further prospective application of the foregoing order is not appropriate. It is more appropriate that the parties bring to the Court's attention specific issues that may require Court review of Mother's mental health treatment rather than a general review by the Court relating to non-specific matters." The court then "vacated" the order related to Mother's quarterly updates, and issued its final appealable order of vacation to both Mother and Father.

{¶ 8} Father now appeals the juvenile court's sua sponte vacation of its prior order, raising the following assignment of error.

{¶ 9} ABSENT AUTHORITY UNDER EITHER RULE 60(A) OR (B), THE TRIAL COURT LACKED JURISDICTION TO *SUA SPONTE* VACATE ITS JUDGMENT ENTRY FILED 10-19-10.

{¶ 10} Father argues in his first assignment of error that the juvenile court erred by sua sponte vacating its prior order because it lacked jurisdiction to do so. While we agree that the juvenile court should not have sua sponte vacated a prior order, we do not agree with Father that the juvenile court lacked jurisdiction. Furthermore, contrary to Father's belief, it is clear to this court that the juvenile court did not vacate the entire October 2010 entry, but rather, only one order within that entry, as stated by the juvenile court within its sua sponte vacation.

{¶ 11} "A trial court has no authority to vacate its final orders *sua sponte*." *Hudgins v. Mitchell*, 128 Ohio App.3d 403, 407 (9th Dist.1998). Instead, Civ.R. 60 provides "the exclusive means for a trial court to vacate a final judgment." *Id.* According to Civ.R. 60(A), "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Civ.R. 60(B) addresses when and under what circumstances a court may relieve a party from a final judgment or order. These circumstances include mistakes, inadvertence, excusable neglect, newly-discovered evidence, or fraud.

{¶ 12} The juvenile court's decision to vacate its prior order was not based upon any clerical error in the previous entry, nor was it based upon any means available under Civ.R. 60(B). Instead, it seems that the juvenile court determined that quarterly reports were no longer necessary, and that the parties should bring to the attention of the court any specific issues regarding Mother's mental health that may require court review. While we have no doubt that a juvenile court is granted certain latitude in its case management and ongoing orders regarding the welfare and best interests of the child, we do not find that the juvenile court had the authority to sua sponte vacate a prior order without first allowing the parties full notice and an opportunity to be heard on the issue.

{¶ 13} Father acknowledged at oral arguments before this court that he shares no right to the reports or to their content. Being unfamiliar with the content, Father's input as to the juvenile court's determination to the continued necessity of said reports may be limited. Father also acknowledged that he believed that portion of the October 2010 entry being reviewed herein, when originally ordered, was cumbersome and unworkable. Nevertheless, Father contends that once the order was in place, the juvenile court lacked jurisdiction to vacate the order.

{¶ 14} While Father couches his argument in terms of jurisdiction, it is really a matter of notice. The juvenile court certainly has subject matter jurisdiction pursuant to statute. As to personal jurisdiction, there are motions currently pending that pertain to the parties on related matters, and with proper notice, the juvenile court can review its previous orders as pertaining to the best interest of a child where its previous orders are continuing in nature.

{¶ 15} As this court has previously stated, "the right to procedural due process is required by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Procedural due process requires the government to give reasonable notice and a meaningful opportunity to be heard * * *." *In re B.L.,* 12th Dist. No. CA2008-05-013, 2008-Ohio-6385, ¶ 8.

{¶ 16} The juvenile court's decision to sua sponte vacate the order denied Father and Mother the opportunity to be heard. Specifically, the juvenile court first ordered the quarterly reports after learning from the psychologist's report that Mother suffers from major depressive disorder, and has a dependent personality disorder with compulsive, narcissistic, and schizoid features. Based on this diagnosis, the juvenile court noted that it was appropriate that Mother's parenting time be contingent upon Mother's engaging in remedial measures to address her mental health, including the quarterly reports updating the court on Mother's progress, mental health status, and *risk factors to herself and others.* These risk factors inherently relate to determining whether or not Mother poses a danger to the minor child, which is a significant factor to consider when determining whether Mother having visitation rights is in the child's best interests.

{¶ 17} Without notice and a chance to be heard, the juvenile court's sua sponte vacation of that particular order denied Father the ability to argue that the continuing reports were necessary to inform the court of Mother's mental health status so that the court could potentially protect the child from what is a well-documented history of Mother's mental health

- 5 -

issues. While the juvenile court may well have received sufficient information from the quarterly reports demonstrating Mother's progress since the date of the original order, the decision to vacate the order should not have been made until after Father was given notice of the juvenile court's reconsideration of the order, and a chance to be heard on the issue. This is especially true given the fact that Mother's visitation rights were "contingent upon" her submitting the records to inform the court of any risk factors facing the child due to Mother's mental health issues.

{¶ 18} This court is aware of the fact that a juvenile court has broad discretion in making orders that are in the best interest of the child, and that the court has some authority to sua sponte address prior orders. However, and according to the Ohio Revised Code and other pertinent Juvenile Rules, the court is limited to specific situations when sua sponte addressing prior orders.

{¶ 19} For example, according to R.C. 2151.417(B) a court may, on its own motion, amend a dispositional order of abuse, neglect, or dependency made pursuant to R.C. 2151.353. R.C. 2151.33 also permits a court to sua sponte issue any temporary orders necessary to protect the best interest of a child subject to a pending abuse, neglect, or dependency complaint. Similarly, Juv.R. 13(B)(4) permits a juvenile court to review upon its own motion any temporary orders made while a complaint alleging abuse, neglect, or dependency is pending. However, none of these avenues apply in the current case.

{¶ 20} Otherwise, and especially in nonemergency situations when an ex parte proceeding is not necessary, a juvenile court must give notice to the parties when contemplating vacating prior orders, as well as the ability to be heard on the issue. *See, e.g.*, Juv.R. 13(E) (stating that "wherever possible, the court shall provide an opportunity for hearing" or must provide an opportunity for a hearing "concerning the continuing effects" of any already-issued ex parte orders).

{¶ 21} Mother argues generally that a juvenile court has the discretion to make or sua sponte amend *any order* so long as doing so is in the best interest of the child. Beside the fact that Mother was unable to cite any case law or statutory support for this argument, the juvenile court did not state in its entry that its decision to vacate its prior order was related to, or in the best interests of, the child. Instead, the court merely found that "further prospective application" of the quarterly reports "is not appropriate." The juvenile court did not explain how vacating an order that served as one of five conditions to Mother having custody, was no longer necessary to facilitate visitation or was no longer necessary to guarantee that the child would be safe in Mother's care. There is no discussion regarding why the other four orders contained in the entry remained, while only the order regarding quarterly reporting was vacated. If a review hearing is to be held, Mother may desire to be heard, as well as Father, on this issue.

{¶ 22} We are sympathetic to the juvenile court in this matter. The court has presided over countless motions filed by these two parties, and the juvenile court's sua sponte entry was clearly meant to limit the number of filings and streamline the vast record of proceedings. However, the decision to vacate a prior order must adhere to the applicable rules and statutes. For reasons different than those advanced, Father's single assignment of error is sustained and we reverse the juvenile court's decision vacating the fifth provision.

{¶ 23} Judgment reversed.

HENDRICKSON, P.J., and S. POWELL, J., concur.