[Cite as *State v. Koller*, 2014-Ohio-450.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-07-069 |
| | : | O P I N I O N |
| - vs - | | 2/10/2014 |
| | : | |
| BRANDON JACK KOLLER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29105


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas G. Eagle, 3386 North St. Rt. 123, Lebanon, Ohio 45036, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Brandon Jack Koller, appeals his sentence in the Warren County Court of Common Pleas for forgery and receiving stolen property. For the reasons stated below, we vacate appellant's sentence and affirm in part and reverse in part the decision of the trial court and remand for further proceedings.

{¶ 2} On May 6, 2013, appellant was indicted on one count of receiving stolen property and two counts of forgery. On June 6, 2013, appellant pled guilty to one count of

receiving stolen property and one count of forgery, both fifth-degree felonies. Upon appellant's plea, the state dismissed the second count of forgery.

{¶ 3} The state proffered as the factual basis for the receiving stolen property charge, that on or about February 20, 2013 through February 22, 2013, appellant possessed two checks that belonged to his grandparents without their permission. These checks had been stolen from appellant's grandparents and appellant knew or had a reasonable belief that the checks were obtained through the commission of a theft offense. Regarding the single count of forgery, the state averred that on February 20, 2013, appellant possessed one of the checks stolen from his grandparents and attempted to cash the check at a LCNB National Bank (LCNB). Appellant forged the check or had someone else forge the check and presented the check as having been written to him. The court accepted appellant's guilty pleas and referred appellant for a presentence investigation and evaluation for possible community corrections placement.

{¶ 4} On July 17, 2013, the trial court held a sentencing hearing. Initially, it appeared that the trial court would sentence appellant to successfully complete an inpatient drug treatment program. The state and appellant's counsel requested that appellant be sent to a treatment facility while appellant specifically requested an outpatient program. The court stated that while appellant wanted to stay with his family and complete an outpatient program, its job in sentencing appellant was to punish him, protect others from his behavior, and deter those who commit similar acts. Appellant responded by stating, "I understand that." The court then dismissed the outpatient option due to appellant's heroin addiction, but agreed to sentence appellant to complete an inpatient treatment program.

{¶ 5} The following exchange then took place,

> [Court]: * * * You have pretty much hit rock bottom. When you start stealing from your grandparents that's about as low as you can go. The other crimes—

[Appellant]: I know that.

[Court]: What?

[Appellant]: I know that.

[Court]: Well, don't interrupt me. It's rude number one, and number two, I'm the Judge that decides what to do with you, why would you want to irritate me?

[Appellant]: I'm not trying to irritate you sir, I've already dwelled over this for four months and I'm stressed out about it. I don't need you to tell me that.

[Court]: Well, I won't bother telling you that. I'm going to send you to prison now because your attitude convinces me you're not ready for a [community based control facility.]

{¶ 6} After this exchange the court sentenced appellant to nine months in prison on each count, to be served consecutively, for a total of 18 months imprisonment. The court made a series of findings, including that a single sentence would not adequately punish appellant and that the nature of the crime combined with his lengthy record mandated that his sentences be served consecutively. The court then declared, sua sponte, that portions of R.C. 2929.13 that limit the power of the court to impose a sentence on fourth and fifth-degree felonies are unconstitutional because they violate the separation of powers doctrine. After the court's pronouncement of appellant's sentence, appellant's counsel objected and stated that the statute required appellant to be sentenced to a community control sanction.

{¶ 7} Appellant now appeals, asserting two assignments of error.

{¶ 8} Assignment of Error No. 1

{¶ 9} THE TRIAL COURT ERRED IN CONVICTING DEFENDANT FOR RECEIVING STOLEN PROPERTY AND FORGING THE SAME PROPERTY.

{¶ 10} Appellant argues that the trial court erred in sentencing him for both receiving stolen property and forgery because the offenses are allied offenses of similar import.

Appellant maintains that the state relied on the same act, the February 20, 2013 cashing of the check at LCNB, to establish that he had possession of the check for both of his convictions. Therefore, the conduct underlying the convictions was the same and the offenses should have been merged.

{¶ 11} At the outset, we note that appellant has waived all but plain error by failing to raise any allied offense objection with the trial court. *State v. Seymore*, 12th Dist. Butler Nos. CA2011-07-131, CA2011-07-143, 2012-Ohio-3125, ¶ 18. However, the imposition of multiple sentences for allied offenses of similar import amounts to plain error, whether ordered to be served consecutively or concurrently. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. We will therefore review appellant's allied offense argument for plain error. *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 14.

{¶ 12} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct and provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 13} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court clarified the test used to determine whether offenses are allied offenses of similar import under R.C. 2941.25. *State v. Jackson*, 12th Dist. Clermont No. CA2013-04-037, 2013-Ohio-5371, ¶ 10. Under this test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Johnson* at ¶ 48. It is not necessary that the commission of one offense will always result in the

- 4 -

commission of the other. *Id.* Rather, the question is simply whether it is possible for both offenses to be committed by the same conduct. *Id.*

{¶ 14} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Id.* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 15} Appellant was charged with receiving stolen property in violation of R.C. 2913.51(A). That statute prohibits a person from receiving, retaining, or disposing of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense. R.C. 2913.51(A). If the property is a printed form for a check, that on its face identifies the drawer for whose use it is designed or identifies the account on which it is to be drawn, and that has not been executed by the drawer, the offense is a fifth-degree felony. R.C. 2913.51(C); R.C. 2913.71(B).

{¶ 16} Appellant was also charged with forgery in violation of R.C. 2913.31(A)(3). The statute states that no person, with purpose to defraud, or knowing that the person is facilitating a fraud shall utter, possess with purpose to utter, any writing that the person knows to have been forged. R.C. 2913.31(A)(3). To "utter" means "to issue, publish, transfer, use, put, or send into circulation, deliver, or display." R.C. 2913.01(H). The state concedes, and we agree that it is possible to commit both offenses with the same conduct.

{¶ 17} While it is possible to commit both offenses with the same conduct, under the facts presented in this case, appellant did not commit the offenses by way of a single act with a single state of mind. Though neither party addresses this issue in their brief, it is clear from the statement of facts recited at the plea hearing, that the conduct underlying the receiving

stolen property charge was appellant's possession of *two* of his grandparents' checks without their permission. However, the forgery charge was based only on appellant's act of uttering *one* of the checks. Therefore, the conduct in forging only one of the checks at LCNB is separate from his conduct of possessing the *other* check without his grandparents' permission. Consequently, the offenses were based on two independent acts and should not be merged. *See State v. Willis*, 192 Ohio App.3d 579, 2011-Ohio-797 (6th Dist.), ¶ 35-36; *State v. Bowlin*, 12th Dist. Butler No. CA2009-09-227, 2010-Ohio-1635, ¶ 15 (pre-Johnson case that found offenses were not allied because different checks were involved in the commission of each crime).

{¶ 18} Even if appellant's convictions were based on a single check, the offenses would still not be allied. This court has stated that in determining whether offenses are allied, courts may look not only to the fact recitation during the plea hearing, and the fact statement contained in the indictment but also to the information contained in the presentence investigation report (PSI). *State v. Tannreuther*, 12th Dist. Butler No. CA2013-04-062, 2014-Ohio-74, ¶ 16. During the sentencing hearing, the trial court relied on facts contained in the PSI and noted in the judgment entry that it had relied on the PSI in sentencing appellant. Appellant did not object to the state's recitation of the facts, nor did he raise any objection to the information contained in the PSI. Nor did appellant present any evidence or offer any additional or contradicting facts to support his claim that his crimes were allied offenses.

{¶ 19} At the plea hearing, the state proffered that appellant committed receiving stolen property when he possessed two of his grandparents' checks without their permission from February 20, 2013 through February 22, 2013. Appellant committed forgery when he uttered one of these checks on February 20, 2013 at LCNB. The PSI indicates that appellant came into possession of these checks while he was living at his grandparent's home. During this time, appellant saw two checks lying on his grandparents' desk and took these checks

without asking his grandparents' permission and had the checks forged by a friend. Appellant then cashed one of the checks for $120 and a few days later, cashed the other check.

{¶ 20} The information contained in the PSI combined with the facts stated in the indictment and at the plea hearing establishes that the two offenses were completed at different times and in different locations. The offense of receiving stolen property was complete once appellant took the checks from his grandparents' home. However, the forgery offense was not complete until appellant went to LCNB and uttered the check, knowing the check to be forged. Consequently, it is clear that appellant committed the acts of receiving stolen property and forging individually by separate acts. *State v. Brown*, 2d Dist. Montgomery Nos. 25342, 25343, 2013-Ohio-2756, ¶ 22. *See State v. Taylor*, 4th Dist. Hocking No. 12CA10, 2013-Ohio-472, ¶ 13 (theft and forgery were allied offenses because act of uttering check coincided with receipt of victim's money). Thus, appellant's offenses are not allied offenses of similar import and should not be merged.

{¶ 21} Appellant's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2

{¶ 23} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.

{¶ 24} Appellant also challenges his sentence. Appellant sets forth a number of arguments as to why his sentence is in error, including that the trial court violated his due process rights when it found R.C. 2929.13 unconstitutional without providing him notice and an opportunity to be heard regarding this issue. The state concedes that this amounted to error. Because we find that the trial court erred when it sua sponte declared portions of R.C. 2929.13 unconstitutional without providing appellant notice or an opportunity to be heard, we will only address this argument.

{¶ 25} "The right to procedural due process is found in the Fourteenth Amendment to

the United States Constitution and Section 16, Article I of the Ohio Constitution." *Youngstown v. Traylor*, 123 Ohio St.3d 132, 2009-Ohio-4184, ¶ 8. At a minimum, due process requires notice and the opportunity to be heard. *Krusling v. Ohio Bd. of Pharmacy*, 12th Dist. Clermont No. CA2012-03-023, 2012-Ohio-5356, ¶ 13, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652 (1950). "A hearing before judgment, with full opportunity to present all evidence and arguments which the party deems important, is * * * vital under the guaranty of due process of law." *Reed v. Morgan*, 12th Dist. Butler No. CA2011-03-065, 2012-Ohio-2022, ¶ 11.

{¶ 26} The Ohio Supreme Court has noted that, "[d]eclaring a statute unconstitutional, sua sponte, without notice to the parties would be unprecedented" when "neither party has raised a constitutional issue in briefs or oral argument before the court." *Smith v. Landfair*, 135 Ohio St. 3d 89, 2012-Ohio-5692, ¶ 12. Instead, the constitutionality of a statute should be decided when the issue is raised by either party or the record establishes a legal basis for summarily declaring the statute unconstitutional by the trial court. *Cleveland v. Watts*, 164 Ohio Misc.2d 25, 2011-Ohio-3606, ¶ 3 (M.C.), citing *Cleveland v. Scott*, 8 Ohio App.3d 358, 359 (8th Dist.1983). *See State v. Wagner*, 9th Dist. Lorain No. 12CA010199, 2013-Ohio-2036, ¶ 7.

{¶ 27} The trial court erred when it sua sponte found portions of R.C. 2929.13 unconstitutional. Prior to declaring the statute unconstitutional, the trial court did not give appellant notice that it intended to consider the constitutionality of the statue. Instead, it is clear that the state, appellant, and the court believed that appellant would be sentenced to a drug treatment facility. Where neither party has raised a constitutional argument before the trial court, it should not sua sponte declare a statute unconstitutional without providing the parties notice of the court's intention and the opportunity to respond. *See In re K.A.G.*, 12th Dist. Warren No. CA2012-10-101, 2013-Ohio-780, ¶ 17 (court's decision to sua sponte

vacate final order without providing parties notice and opportunity violated due process).

{¶ 28} Appellant's second assignment of error is sustained.

{¶ 29} Appellant's sentence is vacated, the decision of the trial court as to sentencing is reversed, and this matter is remanded for a new sentencing hearing during which the parties should be given notice and the opportunity to respond regarding the constitutionality of R.C. 2929.13.

HENDRICKSON, P.J., and S. POWELL, J., concur.