PIPER, J., dissenting.
{¶ 36} I respectfully dissent from the majority opinion for two reasons. First, I do not find Cunningham dispositive of the state's first argument on appeal. The facts of Cunningham are narrow and specific, dealing with a motion for judicial release that was timely filed, subsequently withdrawn, and then refiled untimely. Furthermore, Cunningham's analysis and holding involved judicial release modifying a sentence for felonies of the third, fourth, and fifth degrees, whereas Belcher's judicial release involves felonies of the first and second degrees. Thus, I would find that the state has a right to appeal by virtue of R.C. 2953.08 (B)(3), and jurisdiction for its argument is not lacking.[3]
{¶ 37} Within its first argument, the state does not challenge the modification of Belcher's sentence; rather the state is arguing Belcher relinquished the opportunity to be considered for judicial release. In other words, the state's argument concludes Belcher has no right to be considered for judicial release due to the substance of what she agreed to in her plea. We should be addressing the merits of the state's assignment of error rather than determining Cunningham poses a jurisdictional issue. This is especially true where the parties never argued Cunningham's application. Nor did Belcher argue that this court lacked jurisdiction to consider the state's first argument on appeal. At a minimum, this court should have permitted the parties to present supplemental briefing on the issue instead of deciding the matter with no opportunity for input, explanation, or argument from the parties.
{¶ 38} The majority opinion acknowledges the issue in Cunningham was whether the state had a right to appeal the granting of judicial release for felonies of the third, fourth, and fifth degrees. Therefore, in Cunningham , the issue was briefed and litigated. However, and inapposite from the Cunningham appeal, our litigants never raised or briefed the issue of jurisdiction, and the felonies involved are those of the first and second degree. This is a difference worth distinction.
{¶ 39} The majority's position is "interpreted in the light" of R.C. 2953.08(G)(2), and applies several appellate cases only to conclude the state's argument was beyond appellate review. Yet, the state had no opportunity to address the majority's interpretation, or the cases it cited, because the position espoused by the majority was never raised or briefed by the parties.[4]
*956 {¶ 40} I do not contend that all issues raised sua sponte must be raised or briefed by the parties. Occasionally, a point of law and its application is unequivocally certain and clear. In some rare occasions, the even playing field is not tilted, nor is the opportunity to be heard violated. In my opinion, this is not one of those occasions. As such, I dissent from the majority's conclusion regarding the state's first argument.
{¶ 41} I also dissent regarding the way the majority disposes of the state's second argument. The majority concludes "that the record supports the findings the trial court made under R.C. 2927.20(J)(1)(a) and (b) in granting Belcher judicial release." I must respectfully disagree.
{¶ 42} The trial court found Belcher did not actually burglarize and rob the elderly victims. Yet, Belcher pled guilty to aggravated burglary, aggravated robbery, and kidnapping with a gun specification resulting in a lengthy agreed sentence. Belcher's culpability in the terrifying and life-threatening crimes is the same as her co-defendant. Belcher targeted this elderly couple, as she had in the past, by planning the implementation of the victims' home invasion knowing a deadly weapon was to be used. The psychological terror and devastation Belcher assisted in inflicting on the elderly couple was as significant as any physical injury, and nothing in the record supports a different conclusion.
{¶ 43} The trial court found that Belcher did not have a criminal record when she was an adolescent. Any evidence of such pales in comparison to her crime spree as an adult more recent in time, and again, the record does not support a different conclusion. Ultimately, the trial court found granting judicial release did not demean the seriousness of Belcher's crimes. However, Belcher's conduct in planning the home invasion with the use of a deadly weapon of an elderly couple she had previously befriended, was clearly a deceptive, predatory act-abhorrent in nature. The commission of her crime is certainly demeaned by the granting of judicial release.
{¶ 44} My review determines that the record does not support the trial court's findings pursuant to the relevant statutes the majority analyzes. I do agree that the standard of review is deferential to the trial court's findings, but that does not mean that our review is lightly undertaken. Judicial release for offenses as serious as Belcher's crimes should be granted only when the record supports such. It is commendable that Belcher has made good use of her time while incarcerated, but incarceration gives little opportunity otherwise. Her completion of certain programs, along with an apology and her expressed willingness to find employment, does not support judicial release in this case. Belcher had employment in the past, and she chose to use that employment to prowl for victims.
*957 Granting Belcher judicial release demeans the seriousness of the crimes she actually committed. As such, I respectfully dissent.

R.C. 2953.08(B)(3) gives the state "as a matter of right" an appeal of a trial court's decision to grant judicial release from sentences previously given on first and second degree felonies by virtue of a specific reference to R.C. 2929.20, which is the judicial release statute.

Errors not briefed can be considered abandoned by an appellate court. Hawley v. Ritley , 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Yet, here, we are raising issues that have never been briefed, or even raised by the parties, thus no opportunity to be heard. "At a minimum, due process requires notice and the opportunity to he heard." State v. Koller , 12th Dist. Warren No. CA2013-07-069, 2014-Ohio-450, 2014 WL 545746, ¶ 25. The Ohio Supreme Court has before used supplemental briefing as a way to afford notice and a chance to be heard on appellate issues. State v. Yarbrough , 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 4 (Ohio Supreme Court requested supplemental briefing on the issue of jurisdiction because the issue was not previously raised by the parties); see also State v. Brooks , 12th Dist. Preble Nos. CA99-01-001 and CA99-01-002, 1999 WL 1123030, *4 (Dec. 6, 1999) (Valen, J., dissenting) citing State v. Peagler , 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (1996) ("the Supreme Court has instructed that if a reviewing court chooses to consider an issue not suggested by the parties on appeal but implicated by evidence in the record, the court of appeals should give the parties notice of its intention and an opportunity to brief the issue").