[Cite as *State v. Ozevin*, 2013-Ohio-1386.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :          CASE NO.   CA2012-06-044

                                              :          O P I N I O N
- vs -                                                        4/8/2013
                                              :

ERDEL OZEVIN,                                    :

    Defendant-Appellant.                     :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011CR01073


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

William J. Rapp, Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Erdel Ozevin, was convicted of aggravated burglary and kidnapping in the Clermont County Court of Common Pleas. Appellant argues on appeal that these offenses should have been merged for sentencing. We agree. Under the facts and circumstances of this case, aggravated burglary and kidnapping are allied offenses of similar import that should have been merged under R.C. 2941.25. Consequently, we remand this

case for a new sentencing hearing after the state selects which allied offense to pursue.

{¶ 2}   On December 21, 2011, appellant was indicted by a grand jury on five counts, including aggravated burglary, attempted murder, kidnapping, felonious assault, and possessing criminal tools.  The counts regarding attempted murder and felonious assault were dismissed and appellant pled guilty to the remaining charges.  The counts for aggravated burglary and possessing criminal tools merged.  Consequently, appellant was only convicted of aggravated burglary in violation of R.C. 2911.11(A)(1) and kidnapping in violation of R.C. 2905.01(B)(2).

{¶ 3}   Prior to sentencing, the trial court gave the state the opportunity to provide additional evidence though testimony of the victim.  The state declined to do so.  At the plea hearing, specific facts were read into the record.  A summary of these specific facts follow, with any facts disputed by appellant omitted.  Appellant stealthily entered the victim's home while she was away.  As the victim entered the dark laundry room from her garage, appellant attacked the victim by placing a plastic bag over her head.  A struggle ensued whereby appellant struck the victim in the face and body, and attempted to bind her legs with duct tape.  In retaliation, the victim clawed at appellant's face, tried to fight him off, and bit him in the hand.  Meeting such resistance, appellant fled the scene.  Appellant left behind multiple zip ties, a large black canvas bag, a large black shroud, and other miscellaneous items.

{¶ 4}   Appellant was sentenced to seven years in prison on the aggravated burglary charge.  Additionally, appellant was sentenced to five years in prison for kidnapping.  Both were to run consecutively for an aggregate 12-year prison term.

{¶ 5}   Appellant now appeals and asserts one assignment of error for review.

{¶ 6}   Assignment of Error No. 1:

{¶ 7}   THE TRIAL COURT ERRED BY IMPOSING MULTIPLE, CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 8} Appellant argues that he should not have been convicted of both aggravated burglary and kidnapping because they were committed with the same act and the same animus. Appellant asserts that with the actions of entering the victim's home, attempting to restrain her, scaring her, and fleeing, he committed both aggravated burglary and kidnapping. We agree.

{¶ 9} R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple punishments for the same criminal conduct. *State v. Brown*, 12th Dist. No. CA2009-05-142, 2010-Ohio-324, ¶ 7. The statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court established a two-part test to determine whether offenses are allied offenses of similar import under R.C. 2941.25. *State v. Craycraft*, 12th Dist. Nos. CA2009-02-013 and CA2009-02-014, 2011-Ohio-413, ¶ 11. Courts must first determine whether it is possible to commit one offense and commit the other with the same conduct. *Johnson* at ¶ 48; *State v. McCullough*, 12th Dist. Nos. CA2010-04-006 and CA2010-04-008, 2011-Ohio-992, ¶ 14. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is simply whether it is possible for both offenses to be committed by the same conduct. *Johnson* at ¶ 48; *Craycraft* at ¶ 11.

{¶ 11} If it is found that the offenses can be committed by the same conduct, the court

must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50. If both questions are answered in the affirmative, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50; *State v. Roy*, 12th Dist. No. CA2009-11-290, 2011-Ohio-1992, ¶ 11. However, if the commission of one offense will *never* result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51; *Craycraft* at ¶ 11-12; *Roy* at ¶ 11.

{¶ 12} First, the state concedes, and we agree, that is possible to commit the offenses of aggravated burglary and kidnapping with the same conduct. In this case, aggravated burglary is trespassing by force, stealth, or deception in an occupied structure with the purpose to commit within the structure a criminal offense and inflicting, attempting to inflict, or threatening to inflict physical harm on another. *See* R.C. 2911.11(A)(1). Kidnapping is knowingly restraining another person's liberty by force, threat, or deception under circumstances that create a substantial risk of serious physical harm to the victim. *See* R.C. 2905.01(B)(2). Harm or attempting harm to a victim to complete an aggravated burglary can be caused by same conduct used to forcibly restrain another person. Accordingly, it is certainly possible to commit both aggravated burglary and kidnapping with the same conduct.

{¶ 13} Now we must determine whether appellant committed the offenses with the same conduct, i.e., a single act and a single state of mind. In *State v. Logan*, 60 Ohio St.2d 126 (1979), paragraph one of the syllabus, in establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus, the Ohio Supreme Court adopted the following guidelines:

Where the restraint or movement of the victim is merely

- 4 -

incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

These guidelines appear to remain valid in the wake of *Johnson*. *State v. McCullough*, 2011-Ohio-992 at ¶ 20. Additionally, the act of aggravated burglary in violation of R.C. 2911.11(A)(1) is not complete until the offender inflicts, attempts, or threatens physical harm to another. *State v. Seymore*, 12th Dist. Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 24.

{¶ 14} In this case, the acts of placing a plastic bag over the victim's head, striking her, and attempting to bind her legs with duct tape completed the aggravated burglary and were also elements of the kidnapping. Any actual restraint of the victim must have occurred over a relatively short period of time because appellant's attempts to bind the victim's legs failed when she clawed at his face, tried to fight him off, and bit him in the hand, which caused him to flee. Accordingly, the victim was not subject to an additional substantial risk of harm due to the crime of kidnapping. The kidnapping posed no significance independent of the aggravated burglary. Consequently, in this particular instance, we find that the aggravated burglary and kidnapping were committed with the same animus.

{¶ 15} Under the facts and circumstances of this case, aggravated burglary and kidnapping are allied offenses of similar import as they can be committed with the same conduct and they were committed with the same animus. Accordingly, they must be merged

for sentencing.[1]  Appellant's assignment of error is sustained.

**{¶ 16}** Insofar as the trial court failed to merge the offenses of aggravated burglary and kidnapping at sentencing, the judgment of the trial court is reversed and this matter remanded for further proceedings according to law and consistent with this opinion.  Upon remand, the state can elect which allied offense to pursue, which the trial court must accept and merge the crimes for sentencing.  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 20, 24; *State v. Weathers*, 12th Dist. No. CA2011-01-013, 2011-Ohio-6793, ¶ 25.

**{¶ 17}** Reversed only to the extent the sentence is vacated, and the matter remanded for resentencing.

PIPER and M. POWELL, JJ., concur.

---

1.  Also under his first assignment of error appellant argues that the trial court abused its discretion by ordering him to serve an aggregate 12-year prison term.  However, because we find the offenses of aggravated burglary and kidnapping allied offenses of similar import, appellant will only be sentenced as to one offense.  Accordingly, we need not address this argument.