[Cite as *State v. Schleehauf*, 2013-Ohio-3204.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2012-11-079 |
| | : | O P I N I O N |
| - vs - | | 7/22/2013 |
| | : | |
| WILLIAM TODD SCHLEEHAUF, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 00588

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 10 South Third Street, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1}  Defendant-appellant, William Todd Schleehauf, appeals his sentence in the Clermont County Court of Common Pleas for kidnapping, attempted rape, and aggravated burglary.  Under the facts and circumstances of this case, aggravated burglary and kidnapping are not allied offenses of similar import under R.C. 2941.25, and therefore the trial court properly declined to merge them for sentencing.

{¶ 2}  On May 1, 2012, appellant confronted the victim, his 14-year-old biological daughter, in the hallway of the apartment complex in which she resided with her mother.

Appellant forced the victim back inside her residence and into the kitchen, where he grabbed a knife, held it to the victim's throat, and threatened to take her life. He then forced the victim to the master bedroom, pulled off her shoes, pants, and underwear, undressed himself, and attempted to rape the victim at knifepoint. After the attempted rape, appellant ordered the victim to take a shower, change her clothes, and return to the master bedroom. Hours later he left the apartment.

{¶ 3} On August 1, 2012, the grand jury returned an 11-count indictment charging the appellant with burglary, aggravated burglary, attempted rape, rape, kidnapping, domestic violence, tampering with the evidence, and escape. At his plea hearing, appellant pled guilty to one count of kidnapping under R.C. 2905.01(A)(2) with a repeat violent offender specification, one count of attempted rape under R.C. 2907.02(A)(2) and 2923.02, and one count of aggravated burglary under R.C. 2911.11(A)(2). During the prosecution's statement of facts, the trial court's efforts to clarify the kidnapping charge precipitated the following exchange:

> THE COURT: * * * what you're alleging is that he ordered her to take a shower and - -
>
> [THE STATE]: After the rape - - after the attempted rape took place, yes, Your Honor.
>
> THE COURT: Was restraining her during that period of time?
>
> [THE STATE]: That - - that's accurate, Your Honor.
>
> THE COURT: Mr. Schleehauf, do you have any disagreement with that statement, or is there anything that you wish to add?
>
> [DEFENDANT]: No, Sir.

{¶ 4} The trial court heard oral argument on the issue of merger of allied offenses on September 21, 2012, whereat appellant argued that all three counts should be merged as allied offenses because his conduct constituted one continuous act with the single animus of

committing the rape. On October 9, the trial court denied merger of the three counts and sentenced appellant to 11 years for kidnapping, ten years for a repeat violent offender specification on the kidnapping offense, eight years for attempted rape, and 11 years for aggravated burglary. The sentences were imposed consecutively for an aggregate total of 40 years in prison. Appellant appealed, raising as his sole assignment of error the following:

{¶ 5} THE TRIAL COURT ERRED IN FAILING TO MERGE THE AGGRAVATED BURGLARY WITH KIDNAPPING FOR PURPOSES OF SENTENCING.

{¶ 6} Appellant argues the trial court should have merged the aggravated burglary and kidnapping offenses for sentencing. He contends that the two offenses were committed by a single act with a single state of mind. We disagree.

{¶ 7} "An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination." *State v. Davis*, 12th Dist. No. CA2012-09-194, 2013-Ohio-2637, ¶ 7, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28. Since appellant argued merger below, we review the trial court's merger determination de novo. *Id.*, citing *State v. Willis*, 12th Dist. No. CA2012-08-155, 2013-Ohio-2391, ¶ 34.

{¶ 8} R.C. 2941.25, the statute governing allied offenses of similar import, provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In other words, the statute "prohibits the imposition of multiple punishments for the same criminal conduct." *State v. Ozevin*, 12th Dist. No. CA2012-06-044, 2013-Ohio-1386, ¶ 9, citing *State v. Brown*, 12th Dist. No. CA2009-05-142, 2010-Ohio-324, ¶ 7.

{¶ 9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court outlined a two-part test for identifying allied offenses of similar import under R.C. 2941.25. *Ozevin* at ¶ 10, citing *State v. Craycraft*, 193 Ohio App.3d 594, 2011-Ohio-413, ¶ 11 (12th Dist.). The first part requires the court to ask whether it is possible to commit the offenses at issue with the same conduct. *Id.*, citing *Johnson* at ¶ 48; *State v. McCullough*, 12th Dist. Nos. CA2010-04-006 and CA2010-04-008, 2011-Ohio-992, ¶ 14. The court should not ask whether committing one offense *would always* result in the commission of the other, but simply whether it *could* result in the commission of the other. *Id.*, citing *Johnson* at ¶ 48; *Craycraft* at ¶ 11.

{¶ 10} If the first part is answered in the affirmative, the court must proceed to the second part of the test and ask whether the offenses were actually committed by the same conduct; "i.e., a single act, committed with a single state of mind." *State v. Smith*, 12th Dist. No. CA2012-01-004, 2012-Ohio-4523, ¶ 13, citing *Johnson* at ¶ 49. If both parts of the test are answered in the affirmative, the offenses must be merged as allied offenses of similar import under R.C. 2941.25(A). *Id.*, citing *Johnson* at ¶ 50. "However, if the commission of one offense [would] never result in the commission of the other, or if the offenses [were] committed separately, or if the defendant [had] a separate animus for each offense, then according to R.C. 2941.25(B) the offenses will not merge." *Id.*, citing *Johnson* at ¶ 51; *State v. Ayers*, 12th Dist. Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719.

{¶ 11} Appellant argues, and the state does not deny, that aggravated burglary and kidnapping could be committed by the same act, and therefore that the first part of the *Johnson* test is satisfied in this case. We agree. *See Ozevin*, 2013-Ohio-1386 at ¶ 12. Yet the facts show that in this particular case the aggravated burglary and kidnapping were committed by separate acts and with a separate animus. Therefore the second part of the *Johnson* test is not satisfied.

{¶ 12} Aggravated burglary is trespassing by force, stealth, or deception in an occupied structure with the purpose to commit within the structure a criminal offense when the offender has a deadly weapon on or about his person or under his control. R.C. 2911.11(A)(2). "The act of aggravated burglary * * * is not complete until the offender inflicts, attempts, or threatens physical harm to another." *Ozevin*, 2013-Ohio-1386 at ¶ 13, citing *State v. Seymore*, 12th Dist. Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 24.

{¶ 13} Kidnapping is the knowing restraint of the liberty of another person by force, threat, or deception to facilitate the commission of a felony or flight thereafter. R.C. 2905.01(A)(2). The Ohio Supreme Court has established guidelines for distinguishing whether a kidnapping offense is committed with a separate animus than another offense of similar kind:

> (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where *the restraint is prolonged*, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions; (Emphasis added.)

*State v. Thornton*, 12th Dist. No. CA2008-10-092, 2009-Ohio-3685, ¶ 39, quoting *State v. Logan*, 60 Ohio St.2d 126, syllabus (1979). "These guidelines appear to remain valid in the wake of *Johnson*." *Ozevin*, 2013-Ohio-1386, ¶ 13, citing *State v. McCullough*, 2011-Ohio-992, ¶ 20.

{¶ 14} Appellant argues the kidnapping was accomplished through an aggravated burglary, and that the two offenses were committed by a single act with a single state of mind. In support, he points to an Eighth District case for the proposition that because the deadly force used to accomplish the kidnapping was a deadly weapon, appellant incidentally committed an aggravated burglary. In that case, the offender was convicted as a conspirator

on charges of kidnapping, aggravated robbery, aggravated burglary, and felonious assault for a brief daytime robbery during which an elderly woman was pushed down her basement stairs, threatened with a tire iron, and robbed. *State v. Lacavera,* 8th Dist. No. 96242, 2012-Ohio-800. The Eighth District found that "breaking into the house and inflicting physical harm on the victim * * * occurred as part of the same transaction as the other crimes." *Id.* at ¶ 46. As such, and because "[t]he victim's 'restraint of movement' was incidental to the robbery of her property and the serious physical harm," the Eighth District held that the crimes were committed by the same conduct and with the same animus. *Id.* at ¶ 42. We do not find the facts in *Lacavera* to be analogous to the facts of the present case.

{¶ 15} Here, the aggravated burglary and kidnapping offenses were committed by separate acts. Appellant forced the victim from the common hallway of her apartment complex into the kitchen of her residence, and then completed the aggravated burglary by grabbing a knife and threatening the victim's life. *See State v. Haddix*, 12th Dist. No. CA2011-07-075, 2012-Ohio-2687, ¶ 59, 60 (an aggravated burglary was completed by a separate act when the victim was injured by appellant in the garage, and then appellant dragged the victim inside the house and robbed him). The kidnapping, on the other hand, was committed after the completion of the aggravated burglary and the attempted rape offenses, when appellant further restrained the victim by ordering her to take a shower, change her clothes, and return to the master bedroom, and when he prolonged that restraint by not leaving until hours later. *See State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 87 (kidnapping and felonious assault offenses were committed by separate conduct when appellant trapped the victim in a van before punching and stabbing her).

{¶ 16} Furthermore, the aggravated burglary and kidnapping offenses were committed with a separate animus. "The *Logan* court defined 'animus,' for purposes of R.C. 2941.25(B), as meaning 'purpose, or, more properly, immediate motive.'" *Thornton*, 2009-Ohio-3685 at ¶

41, quoting *Logan*, 60 Ohio St.2d at 131. Following the attempted rape, appellant's immediate motive for prolonging his restraint of the victim's liberty could not have been the same as his motive for the commission of the aggravated burglary, which was completed when he threatened the victim with the knife. Instead, the extent to which appellant prolonged his restraint of the victim's liberty and the activities he required of the victim during this restraint (i.e., showering, changing her clothes) suggest the separate animus of facilitating flight following appellant's other felonies or concealing his criminal wrongdoing. *See State v. Ramirez,* 12th Dist. No. CA2010-11-305, 2011-Ohio-6531, ¶ 57, 60 (the prolonged restraint was evidence of a separate animus for kidnapping where "[t]he overall ordeal suffered by the victim at the hands of appellant lasted one hour and 20 minutes"); *State v. Davis,* 10th Dist. No. 09AP-869, 2011-Ohio-1023, ¶ 2, 23 (a separate animus was demonstrated for kidnapping and aggravated burglary offenses where appellant stormed the victims' home, forced the victims into a van, then held them at gunpoint and drove them around for several hours).

{¶ 17} Under the facts and circumstances of this case, aggravated burglary and kidnapping are not allied offenses of similar import because they do not satisfy the second part of the *Johnson* test. The offenses of aggravated burglary and kidnapping were committed by separate conduct and with a separate animus. Accordingly, the trial court was correct in declining to merge the offenses for sentencing. Appellant's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.