[Cite as *State v. Crawford*, 2013-Ohio-3315.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

      Plaintiff-Appellee,            :

                                       :

  - vs -

                                         :

LEE E. CRAWFORD,                        :

      Defendant-Appellant.           :

CASE NO. CA2012-12-088

O P I N I O N
7/29/2013

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 686

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant, 76 South Riverside Drive, 2nd Floor, Batavia Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

    **S. POWELL, P.J.**

    **{¶ 1}**  Defendant-appellant, Lee Edward Crawford, appeals from the decision of the Clermont County Court of Common Pleas sentencing him to an aggregate two-year prison term after he pled guilty to four counts of theft. For the reasons outlined below, we affirm.

    **{¶ 2}**  On August 29, 2012, Crawford, a native of Philadelphia, Pennsylvania, was indicted on four counts of theft in violation of R.C. 2913.02(A)(1), all fifth-degree felonies.

The charges stemmed from Crawford's involvement in a coordinated effort between himself and his co-defendants, Monica Johnson, Rebecca Anne Phillippi, Tina L. Morgan and Kenard Johnson, to remove numerous credit cards from unsuspecting victims throughout Clermont County and the greater Cincinnati area. The group then used the stolen credit cards to make various high end purchases at local retail stores. Crawford was the driver of the rented vehicle used to transport his cohorts from Philadelphia to Ohio.

{¶ 3} On November 5, 2012, as part of his negotiated plea deal, Crawford entered a guilty plea to the four counts of theft. Thereafter, on December 13, 2012, Crawford was sentenced to the maximum 12-month prison sentence on each of the four counts, with two of the counts to run consecutively for an aggregate two-year prison term. Crawford now appeals from the trial court's sentencing decision, raising a single assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT.

{¶ 5} In his single assignment of error, Crawford argues the trial court erred in sentencing him to an aggregate two-year prison sentence comprising of two consecutive 12-month prison terms. We disagree.

{¶ 6} At the outset, we note that this court has consistently reviewed felony sentences under the two-step approach as outlined by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *See, e.g., State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379; *State v. Gatliff*, 12th Dist. Clermont No. CA2012-06-045, 2013-Ohio-2862; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607. In *Kalish*, the Ohio Supreme Court "considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional." *State v. Venes*, 8th Dist. Cuyahoga

No. 98682, 2013-Ohio-1891, ¶ 8. However, the "post-*Foster* era ended with the enactment of [2011 Am.Sub.H.B. No. 86, effective September 30, 2011,] and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4)." *Id.* Therefore, from this day forward, rather than continue to apply the two-step approach as provided by *Kalish*, we find "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7; *see also State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶ 52; *State v. Martin*, 11th Dist. Portage No. 2012-P-0114, 2013-Ohio-2833, ¶ 31 (O'Toole, J., dissenting); *see*, *e.g.*, *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 20 (applying the standard outlined in R.C. 2953.08(G)(2) in reviewing the imposition of a maximum sentence).

{¶ 7} When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law."

{¶ 8} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Venes*, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Quite the contrary, "it is the court of

- 3 -

appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

**{¶ 9}** That said, "[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide this court with adequate guidance for determining whether a sentence is clearly and convincingly contrary to law." *A.H.*, 2013-Ohio-2525 at ¶ 10. In turn, a sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10, citing *Kalish*, 2008-Ohio-4912 at ¶ 18.

**{¶ 10}** With these principles in mind, we first note that the trial court properly complied with the newly enacted sentencing laws of H.B. 86, which established a preference for, and in certain conditions, a presumption of, community control sanctions for fifth-degree felonies. *See* R.C. 2929.13(B)(1)(a); *State v. Snyder*, 3d Dist. Seneca No. 13-11-37, 2012-Ohio-3069, ¶ 20. However, this presumption does not apply here as Crawford had previously been convicted of a felony offense and had served a prison term. *See State v. Glowka*, 12th Dist. Butler No. CA2012-10-203, 2013-Ohio-3080, ¶ 18; *see also* R.C. 2929.13(B)(1)(a)(i) and R.C. 2929.13(B)(1)(b)(x). The trial court, therefore, properly determined that imposing a prison sentence was permissible.

**{¶ 11}** Turning now to the arguments presented, Crawford does not dispute that the trial court sentenced him within the statutory range, nor does he dispute that the trial court properly applied postrelease control in this case. Rather, Crawford argues that the trial court failed to make the requisite findings under R.C. 2929.11 and R.C. 2929.12, as well as make

the finding that he was not amenable to community control, before imposing an aggregate two-year prison term. However, contrary to Crawford's claim, the judgment entry of conviction specifically states that the trial court considered "the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12."

{¶ 12} Furthermore, the record from Crawford's sentencing hearing reveals that the trial court properly considered the necessary sentencing provisions prior to imposing his sentence. In fact, the trial court specifically noted Crawford's substantial criminal record, determined that he "hasn't completely abandoned the criminal mindset," and found "[c]ommunity control is not consistent with the purposes and principles of sentencing based upon a consideration of the seriousness of the offense." The trial court also found the crimes for which Crawford pled guilty involved "an expedition for the purposes to make criminal offenses," and therefore, amounted to an "organized activity" on the part of Crawford and his accomplices. This clearly indicates that the court properly considered R.C. 2929.11 and R.C. 2929.12 before imposing the aggregate two-year prison term.

{¶ 13} Crawford also argues the trial court erred by imposing consecutive sentences. Pursuant to R.C. 2929.14(C), in order to impose a consecutive sentence, the trial court must find: (1) that consecutive sentencing is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part

of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523, ¶ 21.

{¶ 14} The trial court is not required to give reasons explaining these findings, nor is the court required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *State v. Hubbard*, 10th Dist. Franklin No. 11AP-945, 2013-Ohio-2735, ¶ 86; *State v. Jones*, 8th Dist. Cuyahoga No. 99230, 2013-Ohio-3003, ¶ 7. However, it must be clear from the record that the trial court actually made the required statutory findings. *State v. Erkins*, 1st Dist. Hamilton No. C-110675, 2012-Ohio-5372, ¶ 56; *State v. Brooks*, 9th Dist. Summit Nos. 26437 and 26352, 2013-Ohio-2169, ¶ 12.

{¶ 15} In imposing consecutive sentences here, the trial court explicitly stated:

It's necessary to protect the public from future crime and to punish the Defendant is not disproportionate to the seriousness of the conduct involved here, and to the danger he poses to the public, and his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant. And these are separate victims.

Continuing, the trial court stated:

I'm going to make the additional finding at least two of the multiple offenses committed as part of one or more course, or committed as – well, all of the multiple offenses were committed as part of one or more courses of conduct. The harm caused by at least two of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as any of the course of conduct adequately reflects the seriousness of its conduct.

The trial court later memorialized these findings within its sentencing entry.

{¶ 16} As can be seen, the record clearly establishes that the trial court properly

complied with the dictates of the newly enacted R.C. 2929.14(C)(4). *See State v. Oren*, 12th Dist. Madison No. CA2012-05-010, 2013-Ohio-531, ¶ 22-31; *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 6-13. The trial court, therefore, did not err by imposing consecutive sentences in this matter.

{¶ 17} Finally, Crawford argues the trial court abused its discretion in imposing an aggregate two-year prison term "because it did not actually consider the factors it was required to as set forth in R.C. 2929.11(B) and R.C. 2929.12(A)-(E)." However, as noted above, the Generally Assembly has explicitly stated through the passage of R.C. 2953.08(G)(2) that this court's standard for review "is not whether the sentencing court abused its discretion." We are not entitled to review the trial court's decision under the more lenient abuse of discretion standard. *See A.H.*, 2013-Ohio-2525 at ¶ 15.

{¶ 18} Nevertheless, even if we were to review this matter for an abuse of discretion, any such assertion is easily contradicted by the record. As mentioned above, the trial court specifically noted Crawford's substantial criminal record, his continued criminal mindset, and the seriousness of the offense before imposing the aggregate two-year prison term. Therefore, even if we were to review this matter under the more lenient abuse of discretion standard, we still find no error in the trial court's decision sentencing Crawford to an aggregate two-year prison term.

{¶ 19} In light of the foregoing, because the trial court's decision sentencing Crawford to an aggregate two-year prison term does not run afoul of the applicable standard of review as provided by R.C. 2953.08(G)(2) in that such decision is supported by the record and otherwise not contrary to law, Crawford's single assignment of error is overruled.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.