[Cite as *State v. Jackson*, 2013-Ohio-5371.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-04-037 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/9/2013 |
| - vs - | : | |
| | : | |
| CHARLES R. JACKSON II, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013CR00002

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Charles R. Jackson II, appeals his sentence in the Clermont County Court of Common Pleas for kidnapping and aggravated burglary.

{¶ 2} Appellant was indicted in January 2013 on one count each of aggravated burglary, aggravated robbery, kidnapping, and tampering with evidence. The state alleged that around noon on December 27, 2012, appellant went to the residence of a New

Richmond, Ohio woman, demanding money and "drugs." While in the house, appellant ordered the victim to lie on the floor, threatened to shoot her if she did not comply with his orders, tied her arms together behind her back, and tied her feet together with electrical tape. While appellant was rummaging around in the victim's bedroom for valuables, the victim was able to free one of her arms. Upon discovering that the victim had partially freed herself, appellant tied her hands and feet in a hogtied position with a strand of Christmas lights. After appellant left, and while still in the hogtied position, the victim used her feet to turn off the stove which had been heating up her lunch. The victim remained in the hogtied position until her son discovered her two hours later. The victim was 71 years old; appellant was 26 years old and dating the victim's granddaughter. Appellant stole $200 from the victim.

{¶ 3} On February 26, 2013, appellant pled guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(1), and one count of kidnapping in violation of R.C. 2905.01(B)(2) (both first-degree felonies). During the plea hearing, the parties orally stipulated that both offenses were "considered for purposes of the plea at least to be separate offenses which could result in a separate sentence on each case."

{¶ 4} A sentencing hearing was held in March 2013. During the hearing, the state argued that the aggravated burglary and kidnapping offenses should not be merged because the aggravated burglary was committed and completed before the kidnapping. Defense counsel remained silent on the issue. Based upon the facts presented regarding appellant's conduct at the victim's residence, the trial court found that the offenses were not allied offenses of similar import as "each offense was committed with a separate animus." The trial court sentenced appellant to 11 years in prison for the aggravated burglary and 11 years in prison for the kidnapping, and ordered that the sentences be served consecutively.

{¶ 5} Appellant appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING

APPELLANT.

{¶ 7} Appellant first argues the trial court erred in sentencing him for both aggravated burglary and kidnapping because the offenses are allied offenses of similar import.

{¶ 8} At the outset, we note that appellant has waived all but plain error by failing to raise any allied offense objection with the trial court. *State v. Seymore*, 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 18. However, the imposition of multiple sentences for allied offenses of similar import amounts to plain error, whether ordered to be served consecutively or concurrently. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. We will therefore review appellant's allied offense argument for plain error. *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 14.

{¶ 9} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct and provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court clarified the test used to determine whether offenses are allied offenses of similar import under R.C. 2941.25. *State v. Davis*, 12th Dist. Butler No. CA2012-09-194, 2013-Ohio-2637, ¶ 9. Under this test, courts must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Johnson* at ¶ 48. It is not necessary that the commission of one offense will always result in the commission of the other. *Id.* Rather, the question is simply whether it is possible for both offenses to be

committed by the same conduct. *Id.*

{¶ 11} If it is possible to commit both offenses with the same conduct, courts must next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Id.* at ¶ 49. If so, the offenses are allied offenses of similar import and must be merged. *Id.* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶ 12} Appellant was charged with aggravated burglary in violation of R.C. 2911.11(A)(1). The statute prohibits a person from trespassing by force, stealth, or deception in an occupied structure with the purpose to commit within the structure a criminal offense and inflicting, attempting to inflict, or threatening to inflict physical harm on another.

{¶ 13} Appellant was also charged with kidnapping in violation of R.C. 2905.01(B)(2). The statute prohibits a person from knowingly restraining another person's liberty by force, threat, or deception under circumstances that create a substantial risk of serious physical harm to the victim. The state concedes, and we have held, that it is possible to commit both of these offenses with the same conduct. *State v. Ozevin*, 12th Dist. Clermont No. CA2012-06-044, 2013-Ohio-1386, ¶ 12 (Ozevin was convicted of violating the same statutory provisions as appellant).

{¶ 14} We next determine whether appellant committed the offenses by way of a single act with a single state of mind. In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus, the Ohio Supreme Court adopted the following guidelines:

> Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a

significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*State v. Logan*, 60 Ohio St.2d 126 (1979), paragraph one of the syllabus. These guidelines appear to remain valid in the wake of *Johnson. Ozevin* at ¶ 13. Additionally, the act of aggravated burglary in violation of R.C. 2911.11(A)(1) is not complete until the offender inflicts, attempts, or threatens physical harm to another. *Seymore*, 2012-Ohio-3125 at ¶ 24.

{¶ 15} Here, the aggravated burglary and kidnapping offenses were committed by separate acts. With regard to the aggravated burglary, the bill of particulars stated that "[a]fter gaining access to her home, the defendant threatened to shoot [the victim] if she did not comply with his commands." During the sentencing hearing, the state explained that after appellant walked into the residence through the back door wearing a ski mask, and after the victim refused to lie on the floor as ordered, appellant "told her, 'If you fight I can make it worse. I can shoot you.'" As he said this, appellant "motioned his right hand toward his hip." The victim "felt as if he had a gun so she complied with his commands." Accordingly, appellant committed and completed the aggravated burglary when he gained access to the victim's home and threatened her life. *See Seymore.*

{¶ 16} The kidnapping, on the other hand, was committed after the completion of the aggravated burglary when appellant first restrained the victim by separately tying her hands and feet with electrical tape, when he continued to restrain her by tying her hands and feet together in a hogtied position, and when he prolonged the restraint by not freeing her when he left her house. As noted earlier, the victim remained in the hogtied position for two hours until her son discovered her.

{¶ 17} The aggravated burglary and kidnapping offenses were also committed with separate animus. As the trial court found, the restraint, which lasted for over two hours, was prolonged and serious, "subjected the victim to a substantial increase of physical harm" (the victim remained restrained in her house after appellant fled the scene and was hospitalized as a result of her injuries), and "clearly increased her sense of terror, irrespective of [the] initial invasion into the home." In addition, as we recently stated:

> [A]ppellant's immediate motive for prolonging his restraint of the victim's liberty could not have been the same as his motive for the commission of the aggravated burglary, which was completed when he threatened the victim * * *. Instead, the extent to which appellant prolonged his restraint of the victim's liberty * * * suggest[s] the separate animus of facilitating flight following appellant's other felonies or concealing his criminal wrongdoing.

*State v. Schleehauf*, 12th Dist. Clermont No. CA2012-11-079, 2013-Ohio-3204, ¶ 16. *See also State v. Ramirez*, 12th Dist. Butler No. CA2010-11-305, 2011-Ohio-6531 (the prolonged restraint was evidence of a separate animus for kidnapping where the overall ordeal suffered by the victim at the hands of the defendant lasted one hour and 20 minutes).

{¶ 18} We find that under the facts and circumstances of this case, the aggravated burglary and kidnapping offenses are not allied offenses of similar import because the offenses were committed separately and with a separate animus. *Schleehauf.* The trial court, therefore, properly sentenced appellant for both offenses under *Johnson*, 2010-Ohio-6314, and R.C. 2941.25.

{¶ 19} As noted earlier, the parties also stipulated that the offenses were separate offenses for which separate sentences could be imposed. There is authority that such a stipulation may be considered by a sentencing court in resolving whether offenses are allied offenses of similar import. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292 and 98584 through 98590, 2013-Ohio-3235, ¶ 44 (indicating that prosecutors may "enter into a

stipulation on what offenses are committed with separate conduct or a distinct animus"). In view of our analysis above, we need not determine whether the parties' stipulation here is dispositive of this issue.

{¶ 20} Appellant also argues the trial court erred in imposing consecutive sentences because the court failed to make the required statutory findings under R.C. 2929.14(C). Appellant further asserts that given his substance abuse and mental health history and his genuine remorse, it is clear the trial court "did not truly consider R.C. 2929.11 and R.C. 2929.12 before imposing a prison sentence."

{¶ 21} We review appellant's consecutive sentences to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6-7. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *See id.* at ¶ 7, 9; R.C. 2953.08(G)(2).[1]

{¶ 22} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies:

---

1. Appellant does not dispute that the trial court sentenced him within the statutory range, nor does he dispute that the trial court properly applied postrelease control in this case.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Crawford* at ¶ 13.

{¶ 23} The trial court is not required to give reasons explaining these findings, nor is the court required to recite any "magic" or "talismanic" words when imposing consecutive sentences. *Crawford*, 2013-Ohio-3315 at ¶ 14. However, it must be clear from the record that the trial court actually made the required statutory findings. *Id.*

{¶ 24} In imposing consecutive sentences, the trial court explicitly stated, "I do believe that the consecutive structure is necessary to protect the public from future crime, but also to punish." Continuing, the trial court further stated:

> I do not believe that the consecutive sentences are disproportionate to the seriousness of your conduct and the danger that you pose to the public. These were again part of separate acts, separate intents, and I do not believe that a single prison term for any of these offenses would adequately reflect the seriousness of the conduct in this particular case.

The trial court later memorialized these findings within its sentencing entry.

{¶ 25} The trial court also noted the "great and unusual" harm resulting from the offenses, based upon the fact that appellant "had been stalking" the victim because he knew she was "incredibly vulnerable," the terror to which he subjected her both during his crimes

and thereafter (the victim remained hogtied for over two hours until her son discovered her), and the significant psychological harm the victim suffered and continues to suffer as a result of appellant's crimes. The court stated, "it's beyond the pale what was done in this particular case," and found "this case to be as serious as any case that I've seen short of someone actually being killed."

{¶ 26} Contrary to appellant's assertion, we find that the trial court properly complied with the dictates of the newly amended R.C. 2929.14(C)(4) and made all the required findings to support the imposition of consecutive sentences. *See State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523. The trial court, therefore, did not err by imposing consecutive sentences.

{¶ 27} With regard to R.C. 2929.11 and 2929.12, contrary to appellant's claim, the sentencing entry specifically states that the trial court "reviewed and considered the purposes and principles of sentencing under R.C. 2929.11 and 2929.12" before reaching its decision. The trial court also considered appellant's presentence investigation report and a sentencing memorandum submitted by defense counsel, and allowed appellant to present mitigating evidence during the sentencing hearing. As discussed above, the trial court considered the serious nature of the offenses. It also rejected appellant's explanation that his crimes were fueled by drugs.

{¶ 28} In light of the foregoing, we find that the trial court did not err in sentencing appellant to 22 years in prison for aggravated burglary and kidnapping. Appellant's assignment of error is overruled.

{¶ 29} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.