[Cite as *State v. Knipp*, 2014-Ohio-3878.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-07-114 |
| | : | O P I N I O N |
| - vs - | | 9/8/2014 |
| | : | |
| SAMUEL M. KNIPP III, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-04-0636

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Clyde Bennett II, 119 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant

**PIPER, J.**

{¶ 1}  Defendant-appellant, Samuel Knipp III, appeals his ten-year sentence in the Butler County Court of Common Pleas for rape and two counts of gross sexual imposition.

{¶ 2}  Knipp was arrested after a child reported to a school resource officer that Knipp had fondled her buttocks and vagina while the two sat and watched a movie.  After an investigation began, two other child victims who resided in the same home with Knipp came forward and told officers that Knipp had sexually abused them as well, including forced

cunnilingus and digital penetration. Knipp was in a trusted relationship with each of the victims, and the abuse started when the children were much younger and continued over the years.

{¶ 3} Knipp was interviewed by officers and admitted to the touching, though he blamed the children for being too developed, mature acting, and stated that all three victims were curious about him in a sexual manner. Knipp also told investigators that family members and people who knew him were aware that he had "issues" and "demons," and that the children should have known "you don't get under the blankets with me." Knipp was arrested and charged by a bill of information with a single count of rape and two counts of gross sexual imposition. The three counts were specific to acts performed upon three separate victims.

{¶ 4} Knipp pled guilty to the three counts, and the trial court sentenced him to four and one-half years on one count of gross sexual imposition, ten years on the rape charge, and 17 months on the remaining gross sexual imposition charge. The trial court ordered the sentences to run concurrently for an aggregate sentence of ten years. Knipp appeals the trial court's decision, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED, CONTRARY TO LAW, WHEN IT IMPOSED A MAXIMUM PRISON TERM FOR RAPE, A FIRST DEGREE FELONY.[1]

{¶ 6} Knipp argues in his assignment of error that the trial court erred in sentencing him to ten years in prison on the rape charge.

{¶ 7} "The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to

---

1. Although Knipp argues that the trial court's ten-year sentence was a maximum one, the maximum sentence for a first-degree felony is 11 years. R.C. 2929.14(A)(1).

R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 8} Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford*, 2013-Ohio-3315 at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 9} After reviewing the record, the trial court's sentence is not clearly and convincingly contrary to law. The trial court very clearly stated in its sentencing entry that it had considered the purposes and principles of sentencing according to R.C. 2929.11 and had balanced the seriousness and recidivism factors within R.C. 2929.12. The trial court also discussed its review of the purposes and principles of sentencing and the recidivism factors within R.C. 2929.11 and R.C. 2929.12 during the sentencing hearing before sentencing Knipp.

{¶ 10} Knipp argues that his sentence was erroneous because his conduct was not more serious than conduct normally constituting rape, he had a limited criminal history, and he was unlikely to commit crime in the future. We disagree. The trial court reiterated the facts that were contained in Knipp's PSI, including the seriousness of his crimes, and that he

essentially placed the blame on the children for getting under the covers with him. Knipp also admitted to committing multiple acts of sexual abuse, but was nonchalant in explaining his behavior. For example, Knipp described touching one victim's vagina as "nothing major." In another example, Knipp admitted to investigators that he fondled one victim because she had her leg on his leg, and he took the victim's action to mean "open game." The trial court also recounted the need to protect the public from Knipp and his continual sexual abuse of young children.

{¶ 11} The trial court sentenced Knipp to ten years on the rape charge, which is a first-degree felony. According to R.C. 2929.14(A)(1), "for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years." Knipp's ten-year sentence was therefore within the statutory range. Having considered the purposes and principles of sentencing, and sentencing Knipp within the statutory range for his offense, the trial court's sentence was not clearly and convincingly contrary to law.

{¶ 12} Having found that Knipp's ten-year aggregate sentence was properly ordered, Knipp's single assignment of error is overruled.

{¶ 13} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.