[Cite as *State v. Hibbard*, 2020-Ohio-2775.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-09-102 |
| | : | O P I N I O N |
| - vs - | | 5/4/2020 |
| | : | |
| LARRY EUGENE HIBBARD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR35565

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

William F. Oswall Jr., 119 E. Court Street, Suite 311, Cincinnati, Ohio 45202, for appellant

**PIPER, J.**

{¶ 1} Appellant, Larry Hibbard, appeals the sentence imposed by the Warren County Court of Common Pleas after pleading guilty to drug-related charges.

{¶ 2} The Warren County Drug Task Force was investigating Hibbard for involvement in drug activity. Task force officers executed an outstanding warrant on an unrelated matter, and arrested Hibbard. Officers then discovered in Hibbard's possession

two baggies of methamphetamine, a digital scale, and three cell phones. The methamphetamine weighed five times the bulk amount as proscribed by statute.

{¶ 3} Hibbard was indicted for aggravated trafficking in drugs, aggravated possession of drugs, and possessing criminal tools. Hibbard pled guilty to the charges. After merging the allied offenses, the trial court sentenced Hibbard to an aggregate four-year prison term, two years of which were mandatory. Hibbard now appeals the sentence, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PRISON SENTENCE GREATER THAN THE STATUTORY MINIMUM.[1]

{¶ 5} Hibbard argues in his assignment of error that the trial court erred in sentencing him to four years in prison.

{¶ 6} An appellate court reviews an imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6.

{¶ 7} R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence (1) that the record does not support the sentencing court's findings or (2) that the sentence is otherwise contrary to law. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 83. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible

---

1. Hibbard concedes in his brief that the appellate standard for reviewing a trial court's sentence no longer includes an abuse of discretion consideration. However, Hibbard included the argument to preserve the issue should the Ohio Supreme Court overrule *Marcum* and reinstate the prior sentencing review standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, which did include an abuse of discretion consideration.

statutory range. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 42.

{¶ 8} After reviewing the record, we find the trial court properly sentenced Hibbard. During both the sentencing hearing, and in its sentencing entry, the trial court addressed its consideration of the requisite sentencing factors within R.C. 2929.11 and 2929.12. The trial court properly imposed postrelease control and then sentenced Hibbard within the statutory range for aggravated trafficking, a felony of the second degree, and possession of criminal tools, a felony of the fifth degree. Thus, the trial court's sentence was not contrary to law.

{¶ 9} We also find that the trial court's findings are supported by the record. The trial court heard from the state, defense counsel, and Hibbard, and also considered a presentence-investigative report. The court expressly noted its consideration of this information before sentencing Hibbard.

{¶ 10} The record demonstrates that Hibbard had an extensive criminal history, going back many years, that encompassed a wide range of crimes including multiple instances of OVI, theft, and passing bad checks. Hibbard's criminal history also included drug-related offenses. The extent of Hibbard's criminal history clearly demonstrates that the sanctions imposed upon him had not been sufficient to deter him from reoffending. Hibbard also admitted to an extensive history of drug abuse, including marijuana, powder and crack cocaine, methamphetamine, heroin, ecstasy, and mushrooms.[2]

{¶ 11} Despite his statements at sentencing that he was not a drug dealer, Hibbard had a large amount of methamphetamine on his person when arrested. Hibbard also possessed drug paraphernalia associated with trafficking, including a digital scale and

---

2. The trial court found inexcusable Hibbard's explanation that he only used heroin to get closer to his daughter, who is also a drug addict.

multiple cell phones.  Moreover, the fact remains that Hibbard pled guilty to the charge of aggravated trafficking in drugs and therefore admitted criminal culpability for selling drugs.

{¶ 12}  The trial court noted that Hibbard's trafficking and selling drugs to addicts was adding to the county's drug problems.  Hibbard's crime involved trafficking in drugs, not just possessing them for his personal use.  Therefore, we find the trial court's findings supported by the record.

{¶ 13}  After reviewing the record, we find that the trial court's sentence was not contrary to law and that its findings are supported by the record.  Thus, the sentence was proper, and Hibbard's sole assignment of error is overruled.

{¶ 14}  Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.